IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROY TONY SHAW,                )
                              )
            Petitioner,       )
                              )   1:09CV581
       v.                     )   1:06CR423-1
                              )
UNITED STATES OF AMERICA,     )
                              )
            Respondent.       )


RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Roy Tony Shaw, a federal prisoner, was convicted by a jury of one count of possession of a firearm in commerce after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He was later sentenced to 250 months of imprisonment based on that conviction as an Armed Career Criminal. Following an unsuccessful direct appeal, Petitioner brought a Motion [Doc. #48][1] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Motion raised a number of claims, including arguments that Petitioner received ineffective assistance of counsel because his attorney did not challenge the use of state misdemeanor convictions and juvenile offenses to support the Armed Career Criminal enhancement at sentencing and because his attorney did not object to an "erroneously determined" sentencing range under the United States Sentencing Guidelines. (See Motion to

---

[1]This and all further cites to the record are to the criminal case.

Vacate, Claims F and G.) After briefing by the parties, an Order, Memorandum Opinion and Recommendation [Doc. #57] was entered, recommending that the Motion be denied.

Petitioner objected to the prior Recommendation. However, before a final ruling on the matter could be entered, he filed a "Motion for Relief from Judgment Denying § 2255 Motion to Vacate Pursuant to Federal Rules of Civil Procedure 60(b)" [Doc. # 60] in which he further argued that a "Felony Habitual Misdemeanor Assault" conviction should not have been used to support the Armed Career Criminal enhancement. For the most part, Petitioner simply restated his prior arguments. However, he did state without explanation that "recent decisions of the Supreme Court and Fourth Circuit Court of Appeals" established his innocence of being an Armed Career Criminal. (Motion for Relief at 5.) The Government was directed to file a Response to the extent Petitioner's claims may have related to the decisions in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and Carachuri-Rosendo v. Holder, 560 U.S. ___, 130 S. Ct. 2577 (2010). In its Response [Doc. #66], the Government argued that the claims should fail because the claims were time-barred under the one-year limitation period set out in 28 U.S.C. § 2255(f)(1) and did not "relate back" to the original Motion, and because, even if the claims were considered on the merits, Petitioner remained an Armed Career Criminal following Simmons and Carachuri-Rosendo. A further Response was ordered after the Government informed the Court that it was changing its position as to certain cases involving Simmons claims. However, in its Supplemental Response [Doc. #76], the Government maintained its prior arguments that Petitioner's claims are time-barred and meritless.

This matter has now been referred to the undersigned for Recommendation as to the newly-raised Simmons claims. Having reviewed the information presented, the Court concludes that even if the claims did "relate back" to the original Motion and were not time-barred, the claims are meritless. Under 18 U.S.C. § 924(e)(1), a defendant is subject to enhanced sentencing penalties if he has three prior convictions for a "violent felony or a serious drug offense, or both, committed on occasions different from one another. . . . " A "violent felony" is any crime "punishable by imprisonment for a term exceeding one year" that: "(i) has as an element the use, attempted use, or threatened use of physical force against" another person; or (ii) is burglary, arson, or extortion, involves explosives, "or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B) A crime is a serious drug offense if it involves manufacture or distribution of controlled substances, or possession with intent to manufacture or distribute controlled substances, and is punishable by a "maximum term of imprisonment of ten years or more." 18 U.S.C. § 924(e)(2)(A). In this case, Petitioner's status as an Armed Career Criminal was based on (1) a conviction for assault with a deadly weapon with intent to inflict serious injury obtained on December 6, 1993, for an offense on March 23, 1993, (2) a conviction for possession with intent to sell and deliver cocaine on December 6, 1993, for an offense on a separate occasion on September 26, 1993, and (3) a conviction for habitual misdemeanor assault obtained on March 18, 2004. The first two convictions, for assault with a deadly weapon and possession with intent to sell and deliver cocaine, occurred prior to the October 1, 1994, effective date of North Carolina's Structured Sentencing Act, which was the statutory sentencing scheme discussed in Simmons, and were

3

instead obtained under the North Carolina's Fair Sentencing Act, which was in effect during 1993. The state court judgment for those convictions reflects that they were classified as Class H felonies under that sentencing scheme. (See Response [Doc. #66] Attach. A.) They therefore carried a presumptive sentence of three years of imprisonment and a maximum sentence of ten years of imprisonment. Cf. United States v. Thompson, No. 11-5059, 480 F. App'x 201, 204 (4th Cir. May 8, 2012) (unpublished) (citing State v. Lawrence, 193 N.C. App. 220, 667 S.E.2d 262, 264 (2008)("Under the Fair Sentencing Act, a Class H felony carried a maximum punishment of ten years, with a presumptive term of three years.")). The state court judgment for those convictions clearly shows that Petitioner faced a maximum term of 10 years and a presumptive term of 3 years, and further reflect that Petitioner actually received a consolidated sentence of seven years of imprisonment. Therefore, the conviction for assault with a deadly weapon with intent to inflict serious injury is a violent felony under § 924(e)(2)(B) punishable by over one year imprisonment, and the conviction for possession with intent to sell and deliver cocaine is a serious drug offense punishable by a maximum term of imprisonment of ten years under 18 U.S.C. § 924(e)(2)(A).

The third conviction used to enhance Petitioner's sentence was a conviction for habitual misdemeanor assault on March 18, 2004, after North Carolina's Structured Sentencing Act became effective. However, the state court judgment for that conviction shows that it was a Class H felony and that Petitioner had a criminal history category of V. (Response [Doc. #66] Attach. B.) Petitioner received a sentence of 12 to 15 months of imprisonment. As with his earlier convictions, Petitioner not only could have received a sentence of more than a year of

4

imprisonment, he actually did receive such a sentence, and the habitual misdemeanor assault conviction also remains a felony conviction under § 924(e)(2)(B).

In addition, the Court also notes that in his Motion for Relief [Doc. #60], Petitioner contends that the conviction for habitual misdemeanor assault is not a "violent felony" in light of Johnson v. United States, 130 S. Ct. 1265 (2010) and United States v. White, 606 F.3d 144 (4th Cir. 2010). In Johnson, the Supreme Court held that the provision of the Armed Career Criminal Act defining a "violent felony" as an offense that has as an element the use, attempted use, or threatened use of "physical force" against another required "physical force" capable of causing physical pain or injury, and would not include a conviction under a state battery law that prohibited any intentional touching, no matter how slight. Johnson, 130 S. Ct. at 1269-70; see also White, 606 F.3d at 152-53 (adopting the rule from Johnson for determining what constitutes a "misdemeanor crime of domestic violence"). However, to be convicted of habitual misdemeanor assault in North Carolina, an individual must have committed an assault or battery that actually causes physical injury, or must have committed assault by pointing a gun. See N.C. Gen. Stat. § 14-33.2, § 14-33, § 14-34; see also United States v. Walker, 293 F. App'x 991 (4th Cir. 2008) (concluding that a conviction for habitual misdemeanor assault was properly counted as a predicate violent felony for purposes of the Armed Career Criminal Act). Thus, Petitioner was properly sentenced as an Armed Career Criminal, and his claims under Simmons and Carachuri-Rosendo should be denied.[2]

---

[2] In his Motion for Relief and while briefing his Simmons/Carachuri-Rosendo claim, Petitioner has continued to make various arguments related to other claims raised in his original § 2255 Motion. However, those claims were fully addressed in the prior Order, Memorandum Opinion and Recommendation, which remains
(continued...)

5

IT IS THEREFORE RECOMMENDED that Petitioner's "Motion for Relief from Judgment Denying § 2255 Motion to Vacate Pursuant to Federal Rules of Civil Procedure 60(b)" [Doc. #60] be DENIED, that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #48] be DENIED based on the prior Order, Memorandum Opinion and Recommendation [Doc. #57], and that this action be dismissed.

This, the 8th day of March, 2013.

/s/  Joi Elizabeth Peake
United States Magistrate Judge

---

[2](...continued)
pending. Therefore, the current Recommendation does not address any of Petitioner's arguments that were addressed in the prior Recommendation.